CITY OF SIOUX FALLS, Respondent, v. KADINGER
Appellant

CITY OF SIOUX FALLS, Respondent, v. CHAPMAN
Appellant

(50 N. W.2d 797)

(File Nos. 9249 and 9250. Opinion filed December 28, 1951)

218

**Blaine Simons**, Sioux Falls, for Defendants and Appellants.

**Thomas J. Barron, John E. Burke**, Sioux Falls, for Plaintiff and Respondent.

ROBERTS, J. These two cases involve the same question and were by stipulation consolidated for the purpose of appeal. The complaint in each action contains a charge that defendant had engaged in the business of contracting for plumbing work in the City of Sioux Falls without first having procured a license as required by ordinance. They contended that the ordinance is unconstitutional in that it violates Sections 1 and 2, Article VI, of the state Constitution and the Fourteenth Amendment to the federal Constitution. Trial to the court without a jury resulted in convictions and each of the defendants was fined $200 and costs.

The ordinance in question requires that a person desiring to engage in the business of a contracting or master plumber or do work as a journeyman plumber shall first make application for and secure a license from the Board of Plumbing Examiners. The board consisting of the plumbing inspector of the city, a master plumber and a journeyman plumber is authorized to adopt such rules and regulations as shall be necessary for the examination of applicants for licenses, and the same shall become effective upon approval of the Board of City Commissioners. The ordinance provides that the board shall examine all applicants "as to their knowledge of the rules and regulations governing plumbing" and "determine the qualifications and fitness" of all applicants. The ordinance further specifically provides that the examinations "shall be of such a character as to test and determine the fitness and qualifications of the applicants for the class of license applied for and their ability to properly carry on the plumbing business and work authorized under the license applied for in such manner as to safeguard and preserve the public health, safety and general welfare and in compliance with the regulations and ordinances governing such work." An applicant for a license must establish by the affidavit of a master or journeyman plumber that he has served at least three years as an apprentice. The license fee for a contracting or master plumber is $100. The annual renewal fee is $50. The license fee for a journeyman plumber is $1. After a license is once issued to a journeyman plumber, he can renew it by paying an annual fee of

220

$1. An applicant aggrieved by action of the board of examiners may apply to the city commission to have the action reviewed and the commission may affirm, modify or reverse the action and may for good cause order the issuance of a license.

SDC 45.0201(64) provides that a municipality shall have power "to license, tax, and regulate plumbers". The purport of this provision is that the power shall be exercised in such manner as municipal officials in their discretion shall determine. The mode of exercise is not prescribed. It is conceded that a municipality acting pursuant to this grant of power may in the interest of the public health require the examination and licensing of persons engaged in the business or occupation of plumbing. In 41 Am.Jur., Plumbers, Electricians, and Other Artisans, § 7, we find this statement of the law: "Although the business and trade of a plumber may not require the same training and experience as some other pursuits in life, yet a certain degree of training is absolutely necessary to qualify one as a competent and skillful workman, and it is within the legislative police power to require examination or licensing, or both, of those engaging in the plumbing business as master plumbers, employers of plumbers, or journeyman plumbers, for the protection of the public from the incapacity or ignorance of such persons. Important plumbing work calls for plans and designs and requires skilled supervision, and it is some guaranty of the fulfilment of these requirements if the public authorities require that the plumber employed upon the particular work and his assistants in carrying out the work engaged upon be competently certified and therefore held out to be skilled and capable in that business."

It is well recognized that if a business or occupation is so concerned with public health, safety and welfare as to come within the police power, the limit of the legislative power is regulation and its exercise cannot unduly abridge the right of a citizen to pursue a lawful vocation. The exercise of the power must be reasonable. The doctrine was thus stated by this court in Mundell v. Graph, 62 S. D. 631, 256 N.W. 121, 125: "If it be once conceded that the business or occupation of barbering is a

proper field for the exercise of the police power and that the classifications made by the Legislature are reasonable, then what the Legislature sees fit to do by way of regulation and control lies very largely in the legislative discretion so long as its requirements are not unreasonable or arbitrary. * * * It is not material, even if it should be conceded to be true, that the public health and welfare might have been better served by establishing different requirements or by placing the regulation and control of the barbering business under the supervision of some other or different board, body, or person. Methods, requirements, and machinery are for the Legislature up to the point of unreasonable or arbitrary action." The fact then that a business or occupation comes within the police power does not subject it to unlimited regulation. The reasonableness of the restrictions imposed is a judicial question.

Appellants contend that the requirement of the ordinance that an applicant shall have served an apprenticeship for at least three years as shown by an affidavit of a master or journeyman plumber imposes an unreasonable and arbitrary restriction upon a lawful occupation; that the ordinance is not definite and certain and does not specify the nature or subject matter of the examination, but vests the examining board with arbitrary power to determine the extent and the nature of the examination and without regard for uniformity; and that the variability of the fees prescribed has no reasonable relation to the public health, safety and welfare and the same are not imposed in exercise of the police power and are disproportionate to the expense incidental to licensing and regulation.

The section of the ordinance relating to apprenticeship cannot be otherwise construed than as intended to bestow upon master and journeyman plumbers the exclusive right to instruct apprentices. The only permissible proof of competency to take an examination is an affidavit of a master or journeyman plumber showing that applicant has served as an apprentice for at least three years. An applicant otherwise qualified by instruction and training and competent to engage in the business or to pursue the occupation of a plumber is denied the right to take an examination and

obtain a license. In People v. Brown, 407 Ill. 565, 95 N.E.2d 888, 893, the Supreme Court of Illinois found a similar requirement invalid. Under the statute of that state, an application to a licensing board was necessary to become an apprentice, journeyman, or master plumber. Accompanying the application, an affidavit attesting to the employment of the applicant by a master plumber was required. The court discussed several tests of reasonableness which the court applies in determining the validity of an occupational licensing statute. The court said in considering the authority of the legislature to limit the right to apply for a license to persons who have attained their skill in a particular manner: "Obstacles are interposed by the act to a person freely and of his own choice engaging in the occupation of master plumber, the trade of journeyman plumber, and the activity of learning the trade by apprenticeship. One cannot be a licensed master plumber unless he has prior thereto been a licensed journeyman plumber, and before that a certified registered plumber's apprentice. No matter how well qualified a person may be by instruction and training, he can never of his own free will and choice become a certified registered plumber's apprentice, a journeyman plumber or master plumber, unless a licensed master plumber so wills. The act does not load a licensed master plumber with the obligation of employing a person who desires to enter into an apprenticeship. The refusal to employ one as an apprentice need not be based upon any valid reason. It may be an arbitrary refusal, it may be a refusal predicated upon an understanding between master plumbers to limit the number of apprentices learning the trade, and it may be upon one, or some, of the facts of race, color or creed. The act does not allow a person to learn the trade of journeyman plumber by acquiring the necessary instruction and training in any way, other than as an apprentice to a licensed master plumber. Just the refusal to employ will effectually bar the way to an apprenticeship. The licensed master plumber is in full and absolute control of the situation, a private citizen exercising a power under the protection of the State which the State cannot lawfully exercise, i. e., the arbitrary denial to a citizen of his inherent and inalienable

right to engage in a legitimate activity by his own free will and choice."

The constitutionality of similar provisions with respect to the examination and licensing of undertakers was presented for judicial determination in People v. Ringe, 197 N. Y. 143, 90 N.E. 451, 27 L.R.A.,N.S., 28, 18 Am.Cas. 474. The court declared that the provision that no one shall be licensed unless he shall have been employed as an assistant to a licensed undertaker continuously for three years was unreasonable in that it makes essential a particular form of acquiring skill and knowledge. People v. Harrison, 170 App. Div. 802, 156 N.Y.S. 679; Id., 219 N.Y. 562, 114 N.E. 1076; State v. Walker, 48 Wash. 8, 92 P. 775, 15 Ann.Cas. 257, and Smith v. Texas, 233 U. S. 630, 34 S.Ct. 681, 58 L.Ed. 1129 are additional authorities to the effect that it is not within the legislative province to provide that an applicant for an occupational license shall have attained his competency in a particular manner.

 A municipality has authority to require that a person shall not be granted a license to engage in the business or occupation of plumbing without first passing an examination to determine his competency. We hold, however that the provisions limiting the right to an applicant furnish· ing an affidavit attesting to his apprenticeship cannot be sustained as a reasonable and valid exercise of the police power. This provision prescribing qualifications of applicants being invalid, the entire act must fail. The convictions cannot, therefore, be sustained. It is not necessary to express an opinion concerning the other asserted claims of invalidity.

The judgments appealed from are reversed.
All the Judges concur.