CITY OF RAPID CITY, Appellant v. SCHMITT, Respondent

(71 N. W.2d 297)

(File No. 9505. Opinion filed July 13, 1955)

**Hanley & Costello,** Rapid City, for Plaintiff-Appellant.
**E. E. Sullivan,** Rapid City, for Defendant-Respondent.

RUDOLPH, P. J. The trial court held invalid a Rapid City ordinance relating to plumbing and plumbers. The city has appealed.

So far as here material the provisions of this ordinance are as follows: A journeyman plumber "is any person who by his knowledge, training, and experience is qualified and capable of doing plumbing." A plumbing contractor or master plumber "is any person engaged in, or responsible for, the installation of plumbing." The ordinance then provides that no person shall work as a journeyman plumber, plumbing contractor or master plumber unless licensed under the provisions of the ordinance. To be licensed a journeyman plumber must submit to an examination "as to his knowledge, ability and fitness to engaged in the work for which he has applied." No examination is required of a plumbing contractor or master plumber before he obtains a license. The ordinance simply provides that any person desiring to engage in or work at the business of a plumbing contractor or master plumber "shall apply for a license to the Board of City Commissioners in writing and may be, by said Board duly licensed to engage in such work. Every plumbing contractor or master plumber shall be required at all times to have a licensed journeyman plumber in charge of installing plumbing as a condition for the maintenance of his license." The ordinance further provides "No plumbing or drainage work shall be commenced in any building or premises until a Permit to do such work shall have been first obtained" and further that "No permit shall be issued to any person, to do, or cause to be done any plumbing or drainage work regulated by this Code except to a person, holding a valid, unexpired and unrevoked plumbing contractor's license."

It will be observed from the above provisions of the ordinance that the only person eligible for a permit "to do, or cause to be done, any plumbing" in Rapid City is a plumbing contractor or master plumber holding an unrevoked plumbing contractor's license. However, the ordinance does not require that the plumbing contractor or master plumber have any knowledge whatsoever of plumbing. No examination is required. The only requirement is that a person apply for and receive a license from the Board of City Commissioners. It is only the journeyman plumber who is required to have a knowledge of plumbing and the ordinance requires that he

must evidence this knowledge by an examination relating to his knowledge, ability, and fitness to engage in work as a plumber. The net result of these provisions is that a person living in Rapid City in order to get any plumbing work performed must employ a person whose knowledge of plumbing has not in any way been established and which may be either more or less than that of the person seeking to have the work performed. True, the ordinance requires that the plumbing contractor shall have a licensed journeyman plumber in charge of installing plumbing but nevertheless under this ordinance it is only the plumbing contractor who can obtain the permit.

■ The basis upon which the ordinance must be sustained, if at all, is that it is reasonably calculated to promote the public health. City of Sioux Falls v. Kadinger, 74 S.D. 217, 50 N.W.2d 797. If it can reasonably be said that the act does promote the public health then it is a valid exercise of the police power and should be sustained. City of Sioux Falls v. Kadinger, 75 S.D. 86, 59 N.W.2d 631. "The police power may be exerted in the form of state legislation where otherwise the effect may be to invade rights guaranteed by the Fourteenth Amendment only when such legislation bears a real and substantial relation to the public health, safety, morals, or some other phase of the general welfare." Liggett Co. v. Baldridge, 278 U.S. 105, 49 S.Ct. 57, 59, 73 L.Ed. 204.

■ Our inquiry is: Does the requirement that only a contracting plumber may receive a permit to install plumbing bear a real and substantial relation to the public health, when there is no requirement that the plumbing contractor have any knowledge of the trade or occupation of plumbing? It seems to us that the statement of the question only is required. Its answer is manifest. We see no possible connection between the public health and the requirement that A must employ B to install plumbing when B knows no more about plumbing than A. True, B must employ a competent plumber to do the actual work, but such provision does not justify the requirement that A employ B. The requirement that A employ B is a spurious step in the proceeding which bears no more relation to the public health than would a re-

quirement that A must employ the city attorney to install his plumbing.

The distinction between this case and the second Kadinger case, supra, [59 N.W.2d 632], is obvious. In that case the master plumber who assumed responsiblity for the work and furnished a bond was required to disclose his knowledge and qualifications by an examination ." 'of such a character as to test the fitness and qualifications * * * and ability to properly carry on the plumbing business and work authorized under the license applied for in such a manner as to safeguard and preserve the public health, safety and general welfare, and in compliance with the regulations and ordinances governing such work.' " See also Rountree Corporation v. City of Richmond, 188 Va. 701, 51 S.E.2d 256.

Of course we realize that the basis upon which we now declare the ordinance invalid is not the basis upon which the trial judge based his decision as disclosed by his memordum opinion. However, the objection made by respondent to the ordinance in the trial court is broad enough to raise the issue here decided, and throughout respondent's brief it is argued "In the Rapid City ordinance there appears to be no attempt to require profiiciency on the part of the master plumber or contractor, as he is called," and "there is no purpose for such a master plumber and that he serves no purpose as far as safety to the public is concerned."

The judgment appealed from is affirmed."

All the judges concur.